# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No.:

VANESSA CLEAVER, individually and on behalf of all others similarly situated,

    Plaintiff,

    v.

ALTERRA MOUNTAIN COMPANY and IKON PASS INC.,

    Defendants.

---

## CLASS ACTION COMPLAINT

---

1. Ikon ski passes are sold by Defendants Alterra Mountain Company and its fully-owned subsidiary Ikon Pass Inc. for use at ski resorts throughout the country. Defendants sold thousands of annual, weekly, and multiday ski passes to consumers. Many consumers had weeks, if not months, remaining on their passes when Alterra announced that it was shutting down all its ski resorts for the remainder of the ski season. Yet, to date, neither Alterra nor Ikon have refunded Plaintiff and Class members money equal to the prorated time remaining on their passes.

## I. PARTIES

2. Defendant Alterra Mountain Company ("Alterra") is a Delaware corporation with its headquarters at 3501 Wazee St., Denver, CO 80216. Alterra owns ski resorts in Colorado and around North America. Defendant Ikon Pass, Inc. is a Delaware corporation with its headquarters at 3501 Wazee St., Denver, CO 80216. Ikon Pass, Inc. is a fully-owned subsidiary of Alterra

3. Vanessa Cleaver is a resident of Colorado who purchased an Ikon Pass for the 2019-2020 season. She could not use her Ikon Pass, including on several planned spring ski trips at Alterra ski resorts.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class exceed $5,000,000, exclusive of interest and costs, and most members of the proposed nationwide class are citizens of states different from the states of Defendant.

5. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within Colorado, including its principal place of business, and because Plaintiff resides in Colorado.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendants do substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

### III. COMMON FACTUAL ALLEGATIONS

1. For the 2019-2020 ski season, Defendants offered Ikon season passes for sale to the general public on Defendants' website: www.ikonpass.com.

2. Defendants offered two types of Ikon Passes, called the "Ikon Pass" and the "Ikon Base Pass."

3. The essential terms of each offer were set forth prominently on the website, including the "shop passes" pages.

4. For 2019-2020, the Ikon Base Pass allowed "unlimited access" to "ski or ride as many days as you want," at 12 resorts (subject to "limited blackout dates at select destinations," which included major ski holidays). Also, purchasers would receive "up to 5 days" at an additional 28 resorts with "limited blackout dates."

5. For a higher price, consumers could purchase the Ikon Pass, which promised "unlimited access" to 14 resorts and "up to 7 days" at an additional 26 resorts, with "no blackout dates."

6. On March 14, 2020, Alterra announced the closure of all of its North American resorts. Around the same time, other Ikon resorts announced their closure.

7. This closure happened well before the end of the ski season. For example, the season at Arapahoe Basin runs into June,[1] and other Alterra resorts will also stay open into the summer.

8. Ikon Passes no longer provided passholders with unlimited access (or any access) to Ikon resorts, despite months left in the season.

9. Defendants' conduct breached the contract between Plaintiff's and Class members, which promised Plaintiff and Class members access to Defendants' resorts for the entire ski season.

10. As a result, Defendants have breached their contracts with Class members, as well as unjustly enriched itself by retaining passholder fees of hundreds of thousands of consumers – while denying passholders all access to all of Defendants' mountain resorts.

11. Plaintiff was one of these customers. She had several days left on her Ikon Pass she had been saving for the spring skiing season. As a snowboarder, she prefers spring season and had been

---

[1] https://www.snowpak.com/colorado/arapahoe-basin/opening-dates

planning a trip with friends to snowboard at Arapahoe Basin ski resort. Plaintiff has not and cannot take this planned trip now that Defendants will no longer honor the Ikon Pass.

### IV. CLASS ACTION ALLEGATIONS

1. Plaintiff seeks relief in this action individually, and on behalf of all of Defendants' customers nationwide that purchased Ikon Passes for the 2019-2020 season who, as of March 15, 2020, had not used up the days remaining on their Ikon Passes. Plaintiff sues as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all of Defendants' customers nationwide that purchased Ikon Passes and, as of March 15, 2020, had not used up the days remaining on their Ikon Passes.

2. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

3. Excluded from the Class are the Defendants, the officers and directors of the Defendants at all times, members of its immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants has or had a controlling interest.

4. Plaintiff is a member of the class she seeks to represent.

5. Defendants have hundreds of thousands of customers nationwide that purchased Ikon Passes that cannot be used. Members of the Class are so numerous that their individual joinder herein is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

6. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Such common questions include but are not limited to:

- whether Defendants' conduct is unfair, unconscionable, or otherwise violates C.R.S. § 6-1-105.

- whether Defendants' statements they did not have to compensate Plaintiff and Class members for the unused portions of their Ikon Passes because the passes were "nonrefundable" was a false or misleading statement.

- whether Plaintiff and Class members are entitled to statutory or treble damages.

- whether an enforceable contract exists between Defendants and Class members and, if so, the terms of such contract.

- whether Defendants' conduct breached the terms of any contract.

- whether, absent an enforceable contract, Defendants may justly retain 100% of the monies paid by Class members for their Ikon Passes.

- the amount of money paid by Class members to Defendants.

7. The claims of the named Plaintiff are typical of the claims of the Class because Plaintiff's claim is the same claim that all other Class members have: They each paid for an Ikon pass with promises of mountain access but were denied access and suffered losses.

8. Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the Class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

9. The class mechanism is superior to other means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. The class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
## COLORADO CONSUMER PROTECTION ACT
## (COLORADO REVISED STATUE 6-1-113)

10. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

11. Plaintiff brings this claim individually and on behalf of members of the proposed Class against Defendants. Plaintiff and Class members are actual consumers of Defendants' Ikon Passes.

12. Defendants have knowingly refused to refund to Plaintiff and Class members any portion of the monies paid for Ikon Passes.

13. Defendants have no legal right to retain such money.

14. Defendants' actions, which deprived Plaintiff and Class members of significant economic value without legal justification, are unfair and unconscionable.

15. Defendants' assertions to Plaintiff and Class members that Plaintiff and Class members are not entitled to be compensated for the unused portions of their Ikon Passes because Ikon Passes are "non-refundable" is a false statement or, at least, intentionally misleading statement.

16. As a result of Defendants' false statements and unfair and unconscionable conduct, Plaintiff and Class members have been injured.

## COUNT II
## BREACH OF EXPRESS WARRANTY

17. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

18. Plaintiff brings this claim individually and on behalf of the members of the proposed nationwide class against Defendants.

19. In selling passes, Defendants issue an express warranty that customers would have unlimited access to its mountain resorts for the entire season, which was intended and understood to mean when there was sufficient snow to ski and snowboard.

20. Defendants' affirmation of fact and promise in Defendants' marketing and signage became part of the basis of the bargain between Defendants and Plaintiff and Class members,

thereby creating express warranties that the services would conform to Defendants' affirmation of fact, representations, promise, and description.

21. Defendants breached its express warranty because Defendants do not provide unlimited access to its mountain resorts, and, for the Ikon Passes, do not provide access to resorts even for customers who still have unused Ikon Passes left for the 2019-2020 season. Defendants have retained the full pass fees while 100 percent of its mountain resorts are closed.

22. Plaintiff and the Class members were injured as a direct and proximate result of Defendants' breach because: they would not have purchased or paid for Defendants' passes absent Defendants' representations and omission of a warning it would retain members' passholder fees while all mountain resorts nationwide are closed; (b) they would not have purchased passes on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' passes based on Defendants' misrepresentations and omissions; and (d) Defendants' passes did not have the characteristics, benefits, or quantities as promised.

## COUNT III
## BREACH OF CONTRACT

23. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

24. Plaintiff brings this claim individually and on behalf of the members of the proposed nationwide class against Defendants.

25. Defendants contracted with Plaintiff and Class members to provide access to its mountain resorts for specified periods of time in exchange for the payment of pass fees. For weekly or multiday Ikon Passes, this period of time is the number of days of the pass. In the alternative, a "season," by longstanding custom, is defined as the maximum amount of time during which skiable snow conditions exist. Such conditions existed at all Defendants North American resorts through at least April 15, 2020, with some extending into the summer.

26. Defendants have breached these contracts by retaining and Class members' full pass fees while 100 percent of its mountain remain closed. Plaintiff and Class members have suffered an injury through the payment of pass fees while not having access to Defendants' mountain resorts.

27. Plaintiff and Class members are entitled to damages or restitution equal to a prorated amount determined by the days remaining on their Ikon Pass.

## COUNT IV
## UNJUST ENRICHMENT
## (IN THE ALTERNATIVE)

28. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff brings this claim, in the alternative in the event, the Court determines no enforceable contract exists or that Plaintiff's contractual remedies are inadequate.

29. Plaintiff brings this claim individually and on behalf of the members of the proposed nationwide class against Defendants, alternatively to relief claimed in the other causes of action.

30. Plaintiff and members of the Class conferred benefits on Defendants by paying, and being charged, pass fees while 100 percent of Defendants' mountain resorts were and remain closed.

31. Defendants have knowledge of such benefits.

32. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' pass fees. Retention of those moneys under these circumstances is unjust and inequitable because Defendants are retaining its customers' full pass fees while 100 percent of its mountain resorts remain closed. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have purchased Defendants' passes had the facts been known.

33. Because Defendants' retention of the non-gratuitous benefits conferred on it by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

(b) For an order declaring that Defendants' conduct violates the statutes and laws referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## VI.  JURY DEMAND

34. Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: April 28, 2020.

**NORTON FRICKEY, P.C.**
By:    s/ Craig R. Valentine
Craig Valentine
2301 E. Pikes Peak Ave., Suite 205
Colorado Springs, CO 80909
Telephone: (719) 634-6450
Facsimile: (719) 634-6807
Email: craig@coloradolaw.com

**THE PAYNTER LAW FIRM, PLLC**
Stuart M. Paynter
1200 G Street NW, Suite 800
Washington, DC 20005
Telephone: (844) 204-9965
Facsimile: (866) 734-0622
Email: stuart@paynterlaw.com